IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00224-MR-WCM

| GEORGE MITCHELL RHINEHARDT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| DEPARTMENT OF VETERAN AFFAIRS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] and for initial review of the Complaint [Doc. 1].

**I.   STANDARD OF REVIEW**

Because the Plaintiff is seeking to proceed *in forma pauperis* in this case, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

## II. DISCUSSION

The Plaintiff appears to attempt to assert a tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., naming the United States Department of Veterans Affairs as the sole defendant. [Doc. 1]. The proper defendant in a FTCA case, however, is the United States, not the individual agency. See 28 U.S.C. § 2679(a). Thus, the Plaintiff's claim against the Department of Veterans Affairs is subject to dismissal on the basis that the named Defendant is not a proper party.

2

Further, the Plaintiff has failed to provide adequate allegations to support his claim. Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

Under the section of the form Complaint entitled "Statement of the Claim," the Plaintiff was asked to "[w]rite a short and plain statement of the claim," including "the facts showing that [the] plaintiff is entitled to the damages or other relief sought" and a description of how the defendant "was involved . . . including the dates and places of that involvement or conduct." [Id. at 4]. In response, the Plaintiff alleges as follows:

> Plaintiff filed two tort claims. 1151 at Department of Veterans Affair and was approved for negligence by the Veterans Administration for the loss of Plaintiff's legs due to mechanical malfunction for Bed V.A. issued. Veteran filed Fed tort claim was denied and

3

>was told didn't meet malpractice but can file in District Court.

[Doc. 1 at 4] (errors uncorrected). These allegations fail to include a "short and plain statement" of the facts underlying his claim, such as the events that allegedly occurred to injure him, when such events occurred, or how the Department of Veterans Affairs is responsible for such events. Without any basic details about the alleged incidents giving rise to the Plaintiff's claim, the Complaint fails to state a claim upon which relief can be granted. Thus, the Complaint is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Before dismissing this action, however, the Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

Finally, the Plaintiff moves to proceed in this Court without the prepayment of fees or costs. [Doc. 2]. Upon review of the Plaintiff's

Application, it appears that the Plaintiff has adequate resources with which to pay the required filing fee. Accordingly, the Court finds that the Application should be denied. The Plaintiff shall have thirty (30) days from the entry of this Order within which to pay the required filing fee. Failure to pay the fee within the time required will likely result in the dismissal of this action without prejudice without further notice to the Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

(1) The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

(2) The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

(3) The Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED**, and the Plaintiff shall pay the required $402.00 filing fee within thirty (30) days of entry of this Order. **Failure to pay the required filing fee within the time required will likely result in the dismissal of this action without prejudice and without further notice to the Plaintiff.**

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank civil complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: November 3, 2022

Martin Reidinger
Chief United States District Judge

f