IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00224-MR-WCM

| | |
|---|---|
| GEORGE MITCHELL RHINEHARDT, JR. | )<br>)<br>) |
| Plaintiff, | )<br>)    MEMORANDUM AND<br>)    RECOMMENDATION |
| v. | )<br>) |
| DEPARTMENT OF VETERANS AFFAIRS, MERRICK GARLAND, and DENA J. KING, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 9. The Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.    Procedural Background

On October 24, 2022, George Mitchell Rhinehardt, appearing *pro se*, ("Plaintiff") filed his original Complaint which named the Department of Veterans Affairs (the "Department") as the sole defendant. Doc. 1. In that pleading, Plaintiff alleged that:

> Plaintiff filed two tort claims. 1151 at Department of Veterans Affair and was approved for negligence by the Veterans Administration for the loss of Plaintiff's legs due to mechanical malfunction for Bed V.A. issued. Veteran filed Fed tort claim was denied and

1

> was told didn't meet malpractice But can file in District Court.

Doc. 1 at 4 (errors uncorrected).

On November 3, 2022, Chief District Judge Martin Reidinger, the judicial officer presiding over this matter, dismissed Plaintiff's original Complaint without prejudice. Doc. 3 (the "November 3 Order"). Chief Judge Reidinger explained that, although Plaintiff appeared to assert a tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* against the Department, an FTCA claim could only be brought against the United States. <u>Id</u>. at 2. Additionally, the Court found that Plaintiff's factual allegations failed "to include a 'short and plain statement' of the facts underlying his claim, such as the events that allegedly occurred to injure him, when such events occurred, or how the Department" was responsible for such events. <u>Id</u>. at 4. Plaintiff was, however, granted leave to file an amended complaint within thirty days. <u>Id</u>.

On November 17, 2022, Plaintiff filed an Amended Complaint again naming the Department and adding Attorney General Merrick B. Garland ("Garland") and U.S. Attorney Dena J. King ("King") as defendants (collectively, "Defendants"). Doc. 4. The Amended Complaint alleged that:

> In 2021 Veterans Affairs VA Hospital sent me home for discharge and with Aftercare at home I was issued a improper bed with several complaints. Never satisfied malfunctioned leading to pressure wounds

> that got infected leading to gangrene osteomyilitis and amputation of Both legs.
>
> . . . .
>
> The negligence of the VA Medical Center Prosthetics Department with timely resolving my bed and wheelchair issues that led to mechanical malfunctions and injuries that I incurred….

Doc. 4 at 4 (errors uncorrected).

On April 6, 2023, Defendants filed the Motion to Dismiss along with a supporting memorandum. Doc. 9, 10. Plaintiff responded on May 8, 2023, and Defendants replied on May 15. Docs. 12, 13.[1]

On August 21, 2023, Plaintiff filed a proposed Second Amended Complaint which sought to name the United States as the sole defendant. Doc. 14. However, no motion or brief was submitted with that filing.

On August 24, 2023, Plaintiff was advised that, to the extent he wished to amend his existing Amended Complaint, he was required to do so pursuant to the Federal Rules of Civil Procedure and the Local Rules, either with leave of Court (following a properly supported motion) or with Defendants' consent. Doc. 15.

Plaintiff did not subsequently file a motion to amend or a second amended complaint in compliance with these instructions.

---

[1] Plaintiff's deadline to respond to the Motion to Dismiss was May 4, 2023. See Doc. 11. However, Defendants do not challenge the timeliness of Plaintiff's response. See Doc. 13 at 1, n. 1.

## II. Legal Standards

Defendants move to dismiss the Amended Complaint pursuant Rule 12(b)(1) and to Rule 12(b)(6).

### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1).

The question of sovereign immunity may be considered in the context of a motion to dismiss pursuant to Rule 12(b)(1). Quinn v. N.C. Dep't. of Health and Human Servs., No. 3:19-cv-00391-FDW-DCK, 2020 WL 369290, at *3 (W.D.N.C. Jan. 22, 2020) ("A motion to dismiss based on sovereign immunity is properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure.") (citing Jones v. Union Cty. Sheriff's Off., No. 3:18-CV-00509-KDB-DCK, 2019 WL 5692753, at *6 (W.D.N.C. Nov. 4, 2019)).

### B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v. Giacomelli, 588 F.3d 186, 189, 192 (4th Cir. 2009); accord Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

4

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### C. *Pro se* Pleadings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal citation and quotations omitted). At the same time, a court is not required to ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d

5

387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("A district court is not required to act as an advocate for a pro se litigant").

III. Discussion

### A. Failure to Name the United States as a Defendant

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Any waiver of such immunity must be "'unequivocally expressed'" by Congress. Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

The FTCA provides one such waiver of the United States' sovereign immunity; however, "[t]he United States is the only proper defendant in an FTCA action." Worley V. U.S. Dep't of Agric., No. 1:20-cv-83-MOC-WCM, 2020 WL 5209314 (W.D.N.C. Sept. 1, 2020) (quoting Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009)); Owen v. FDA Off. of Generic Drugs, No. 1:20-cv-00098, 2021 WL 3883112, at *3 (W.D.N.C. Aug. 27, 2021) ("In FTCA suits,

however, the United States is the only proper defendant – not any government agency or employee.")

As noted, Plaintiff was advised in the November 3 Order that the only proper defendant for purposes of an FTCA claim is the United States and was provided thirty days to amend his complaint.

On November 17, 2022 Plaintiff filed his Amended Complaint but named the Defendants (and not the United States). Doc. 4. Additionally, Plaintiff took the position in response in his May 8, 2023 to the Motion to Dismiss that "there was no need" to name the United States "because this is a civil matter and Defendant Department of Veterans Affairs under 38 U.S.C. 1151 has already admitted negligence . . . . " Doc. 12 at 1. Finally, while Plaintiff did file a proposed Second Amended Complaint which sought to name the United States as the only defendant in this matter, Plaintiff did not file a motion or brief with that proposed pleading, was subsequently advised that any request to amend must be made pursuant to the Federal Rules of Civil Procedure and the Local rules, and did not thereafter seek to file a second amended complaint in compliance with those requirements.

Accordingly, the undersigned will recommend that Plaintiff's Amended Complaint be dismissed without prejudice. See Dunn v. U.S. Dep't of Veterans Affs. No. 3:18-cv-699, 2019 WL 6842537, at *3, 6 (E.D. Va. Dec. 16, 2019) (granting the Department of Veterans Affairs' ("DVA") motion to dismiss

7

"because sovereign immunity shields DVA from suit"); see also Lins v. United States, 847 F. App'x 159, 170 (4th Cir. 2021) ("Whether a claim falls within the purview of the FTCA presents an issue of subject matter jurisdiction.") (Agee, J., concurring in part and dissenting in part); S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC, 713 F.3d 175, (4th Cir. 2013) (A dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.")

### B. Failure to State a Claim

Defendants also argue that Plaintiff's Amended Complaint fails to state a claim because the Amended Complaint does not provide information about when Plaintiff's wheelchair and bed were issued, which VA facility issued the bed and wheelchair, or how defects in the bed or wheelchair could have caused Plaintiff's injuries. Id.

Plaintiff alleges in his Amended Complaint that he experienced pressure ulcers and ultimately the amputation of both of his legs after the Department "sent [him] home" in 2021 with an "improper bed" and failed to resolve "issues" with the bed and wheelchair.[2] These allegations provide slightly more detail

---

[2] In his response in opposition to the Motion to Dismiss, Plaintiff similarly contends that the Department failed to inspect, maintain, and service the bed and wheelchair. Doc. 12 at 1–2.

regarding the basis of Plaintiff's claim, but because the undersigned finds that the Amended Complaint should be dismissed for lack of subject matter jurisdiction, the undersigned has not reached the question of whether the allegations set out in the Amended Complaint are sufficient to provide a "'short and plain statement' of the facts underlying" Plaintiff's claim, as required by the November 3 Order.[3]

## IV. Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss (Doc. 9) be **GRANTED**, and that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Signed: September 8, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[3] Plaintiff has also attached documents to his response that may provide more information with respect to the factual bases for his claim. See Doc. 12 at 3-6. However, Defendants correctly note that these documents "discuss various medical treatment[s] that Plaintiff received, including care and treatment that he received at the VA Medical Center in August[a], Georgia," but omit any mention of the bed or wheelchair. Doc. 13 at 4.

9

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).